### LLABRES v. BOWIE et al.
Civ. No. 3921.

District Court, Puerto Rico.
Jan. 2, 1947.

Lionel Fernandez Mendez, of San Juan, P. R., for plaintiff.

Tomas I. Nido, of San Juan, P. R., for defendants.

COOPER, District Judge.

The question for decision is the character of plaintiff's employment by the defendants. Plaintiff was employed by defendants who produced sugar in interstate commerce. He

was placed in charge of defendants' Materials and Supplies Department. Plaintiff now sues for overtime compensation. Defendants contend that plaintiff is not entitled to overtime compensation as he was employed in a bona fide executive capacity. If this contention be sustained, it ends the case.

The testimony and documentary evidence show that plaintiff was in charge of the Materials and Supplies Department of defendants' enterprise. He directed the work of four or five clerks under him and although he did not have authority to hire and fire or to promote persons under him, his recommendations in connection with these matters would undoubtedly be given great weight. Indeed the defendants' treasurer testified that plaintiff knew more about this particular department than he did. A careful reading of the testimony leads to the conclusion that plaintiff necessarily exercised discretion in the management of the department which was under his charge. When plaintiff resigned his position he requested of the Treasurer of defendants a letter of recommendation which he might use in seeking employment. This letter was promptly given and in it we find the following statement:

"Mr. Llabres supervised and was in full charge of our Materials Control Department and always performed his work in a very efficient manner, and we have always found him very capable and trustworthy, and an excellent supervisor which was an essential requisite for the complex problems arising in the department that he headed."

On the same day a similar letter was given to plaintiff at his request and instead of being directed "To Whom it may Concern" it was directed to "Fernandez & Co. Inc." with whom he hoped to obtain employment. Undoubtedly plaintiff read the letter which had been given him and he made no objection to the statement in the letters as to the capacity in which he had been employed by defendant. It is inconceivable that defendants would have given such a letter unless plaintiff had, while in their employment, exercised discretion and that his recommendations with respect to the qualification or conduct of those under him would be given great weight. Plaintiff received a compensation of $30 per week which was over a period covered by the plaintiff increased to $38.50 per week. While I do not accept the amount of one's compensation as affecting his qualification for work of an executive character, the compensation paid plaintiff would indicate that his work was of more importance and required more skill and ability than the ordinary clerk. Two of the employees who worked in the department which the plaintiff headed testified that in their work they were instructed and directed by plaintiff and any reports which they made were made to plaintiff. I am forced to conclude in view of all the circumstances in this case, that the clear preponderance of the evidence sustains defendants' contention that plaintiff was employed in a bona fide executive capacity and is, therefore, not entitled to any additional compensation from defendant.

### Findings of Fact.

1. Plaintiff was employed by defendants and engaged in the production of goods in interstate commerce for which work the plaintiff received compensation of $30 weekly.

2. Plaintiff was in charge of defendants' Materials and Supplies Department and customarily directed the work of four or five clerks under him in that department. He was vested with discretion in matters pertaining to his department and although without authority to hire or fire or promote those under him his recommendation in this respect was given great weight by his employers.

3. Although in the course of his employment plaintiff performed certain work similar in nature to that of workers under him, it took up less than 20 percent of his time.

### Conclusions of Law.

1. Plaintiff was employed in a bona fide executive capacity and is exempt from Sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207.

2. Plaintiff is not entitled to recover any overtime compensation from defendants.

### Judgment.

It is Ordered, Adjudged and Decreed that the complaint herein be and the same is hereby Dismissed.